On Reconsideration

| tDREW, Judge.

WRIT CONSIDERED AND DENIED.

Defendant/Probationer complains of the trial court’s refusal to grant a motion to suppress the fruits of a warrantless search of his home. The non-consensual search allegedly arose from a “knock and talk” conducted by local police who contacted the probation officer so as to preter-mit the time and trouble of seeming a search warrant for the probationer’s home. Defendant alleges that this amounted to a subterfuge, which taints the search.
This is the second writ application about the same issue. Normally, successive applications are not considered by this court. However, we depart from normal procedure in this peculiar instance and examine the merits of this application, owing to some confusion in the interpretation of petitioner’s first application.
The ruling of the trial court, denying defendant’s Motion to Suppress, is eminently correct.
Probationers have a much reduced expectation of privacy. As a condition of probation, they agree, in writing, in advance, to be searched at any time and anywhere, including their home, by then-supervising probation officer. The jurisprudence allows police officers to accompany probation officers in these surprise searches. See State v. Odom, 34,054 (La.App.2d Cir.11/1/00), 772 So.2d 281; State v. Shields, 614 So.2d 1279 (La.App. 2d Cir.1993), writ denied, 620 So.2d 874 (La.1993) and, most recently, U.S. v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (December 10, 2001).
The constitutional reasonableness of this home search does not depend upon the actual subjective motivations of the officers involved. The officers had an objective right to accompany the probation officer, irrespective of their subjective agendas. See Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
1 ¿The decision of the learned trial court, denying the Motion to Suppress, is AFFIRMED.